IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT SURDAKOWSKI,
      Petitioner,

vs.                    Case No.: 4:15cv373/MW/EMT

SECRETARY OF FLORIDA DEPARTMENT
OF CORRECTIONS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 12). Petitioner filed a response in opposition to the motion (ECF No. 14).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned

that the pleadings and attachments before the court show that Respondent's motion

to dismiss should be granted, and the habeas petition dismissed as untimely.

## I.  BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed and established by the

state court record (ECF No. 12).[1]  Petitioner was charged in the Circuit Court in and

for Leon County, Florida, Case No. 1991-CF-2891, with one count of first degree

premeditated murder (capital felony) for the killing of Warren Boswell by beating and

strangling him, one count of robbery (second degree felony), one count of armed

burglary of a dwelling (first degree felony punishable by life imprisonment), and two

counts of grand theft of a firearm (third degree felonies) (Ex. A at 77–79).  On

February 28, 1992, Petitioner signed a "Plea and Acknowledgement of Rights,"

pursuant to which he entered a plea of no contest to the charge of first degree murder

with a maximum penalty of life imprisonment and a 25-year mandatory minimum,

with the understanding that the State would dismiss all of the other charges (*id.* at

191–92).  At a plea and sentencing hearing held the same day, the trial court accepted

Petitioner's plea to first degree murder, and sentenced him to life imprisonment with

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 12) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

a mandatory minimum sentence of twenty-five years, to run consecutive to the sentence previously imposed upon Petitioner in another case (Leon County Case No. 1991-CF-1016) (Ex. A at 193–204, Ex. G at 15–18).  Petitioner did not appeal the judgment (*see* ECF No. 1 at 2).[2]

On February 22, 1994, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in the state circuit court (Ex. A at 1–12).  The circuit court summarily denied the Rule 3.850 motion in an order rendered January 12, 1995 (*id.* at 185–90).  Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 95-601 (Ex. B).  The First DCA affirmed the lower court's decision per curiam without written opinion on November 6, 1995 (Ex. E).  Surdakowski v. State, 662 So. 2d 936 (Fla. 1st DCA 1995) (Table).  The mandate issued November 22, 1995 (*id.*).

On April 25, 2003, Petitioner filed a motion to withdraw his plea in the state circuit court (Ex. G at 41–44).  The circuit court denied the motion for lack of jurisdiction, in an ordered rendered August 7, 2003 (*id.* at 47).

On March 15, 2007, Petitioner filed a petition for belated appeal in the First DCA, Case No. 1D07-1402, seeking to file a belated direct appeal of the judgment of

---

[2] The page references to the parties' pleadings reflect the page numbers as enumerated in the court's electronic docketing system.

conviction and sentence (Ex. F at 1–7).  The First DCA denied the petition on April 5, 2207, citing Florida Rule of Civil Procedure 9.141(c)(4)(A) (*id.* at 27). Surdakowski v. State, 957 So. 2d 661 (Fla. 1st DCA 2007) (Mem).  The court denied Petitioner's motion for rehearing on June 5, 2007 (*id.* at 28–32).

On January 25, 2010, Petitioner filed a second Rule 3.850 motion (Ex. G at 1–8).  In an order rendered August 17, 2010, the state circuit court denied the motion as successive (*id.* at 12–14).  Petitioner appealed the decision to the First DCA, Case No. 1D10-5683 (Ex. H).  The First DCA affirmed the lower court's decision per curiam without written opinion on January 27, 2011 (*id.* at 18).  Surdakowski v. State, 53 So. 3d 1031 (Fla. 1st DCA 2011) (Table).  The mandate issued February 23, 2011 (*id.* at 22).

On April 25, 2011, Petitioner filed a petition for writ of mandamus in the First DCA, Case No. 1D11-2137.  The First DCA denied the petition on July 15, 2011. Surdakowski v. State, 65 So. 3d 1060 (Fla. 1st DCA 2011) (Table).  The court denied Petitioner's motion for rehearing on September 12, 2011.

On August 13, 2012, Petitioner filed a petition for writ of habeas corpus in the Circuit Court in and for Wakulla County, the jurisdiction where Petitioner was incarcerated (Ex. I at 1–9).  The Wakulla County court construed the petition as a Rule

3.850 motion and transferred it to Leon County (*id.* at 38–39).  The Leon County Circuit Court denied the petition, in part because it was time-barred (*id.* at 36–37). Petitioner appealed the decision to the First DCA, Case No. 1D12-5410 (Ex. J at 1–16).  The First DCA affirmed the lower court's decision per curiam without written opinion on March 22, 2013 (*id.* at 19).  <u>Surdakowski v. State</u>, 109 So. 3d 789 (Fla. 1st DCA 2013) (Table).  The mandate issued April 17, 2013 (*id.* at 20).

On September 10, 2013, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D13-4480 (Ex. K).  The First DCA dismissed the petition on October 18, 2013, citing <u>Baker v. State</u>, 878 So. 2d 1236 (Fla. 2004) (reiterating that habeas corpus cannot be used to litigate issues that could have been or were raised on direct appeal or in postconviction motions) (Ex. L).  <u>Surdakowski v. State</u>, 123 So. 3d 158 (Fla. 1st DCA 2013) (Mem).  Petitioner sought review in the Supreme Court of Florida, Case No. SC13-2260.  The supreme court declined to accept jurisdiction and denied the petition for review on July 2, 2014 (Ex. M).  <u>Surdakowski v. State</u>, 147 So. 3d 527 (Fla. 2014) (Table).

Petitioner commenced the instant federal habeas action on July 23, 2015 (ECF No. 1).  He asserts the following claim:

> Deprivation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights as secured by the Constitution of the United States through the

entry of a guilty plea to a "non-existent" crime of felony murder under Florida law without any underlying felony in support of causation constitutes [sic] fundamental or structural error, resulting in a manifest injustice, and warranting federal habeas relief.

(ECF No. 1 at 4).

Respondent contends the petition should be dismissed as untimely (ECF No. 12).  Petitioner argues that the petition is timely (ECF No. 14).  He alternatively argues he is entitled to review of his petition under the "actual innocence" exception to the time bar (*id.*).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward the one-year limitations period.   28 U.S.C. § 2244(d)(2).

Respondent argues that Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996; therefore, Petitioner had until one year from that date, until April 24, 1997, to file his federal habeas petition (*see* ECF No. 12 at 4–5).  Respondent contends Petitioner did not file his petition by that deadline, nor did he have any applications for collateral relief pending in the state courts during that one-year period; therefore, his § 2254 petition is untimely (*id.*).

The state court record affirms that Petitioner's conviction became final on March 29, 1992, upon expiration of the 30-day period for filing a notice of appeal of the judgment of conviction rendered February 28, 1992.  Because Petitioner's conviction became final before the effective date of the AEDPA, April 24, 1996, he

had a one-year grace period, until April 24, 1997, to file his federal petition.  *See*

Moore v. Campbell, 344 F.3d 1313, 1319 (11th Cir. 2003).  Petitioner filed his federal

petition on July 23, 2015, more than eighteen years after the grace period expired.

Although Petitioner's § 2254 petition is untimely under section 2244(d)(1)(A), he is

not necessarily barred from pursuing federal habeas relief.

The AEDPA provides four specified events from which the statute of

limitations can be measured.  28 U.S.C. § 2244(d)(1).  One such event is the discovery

of facts that support a claim that the prisoner is in custody in violation of the

Constitution. *See id.* §§ 2244(d)(1)(D), 2254(a).  Section 2244(d)(1)(D) provides that

"[t]he limitation period . . . run [s] from . . . the date on which the factual predicate of

the claim . . . could have been discovered through the exercise of due diligence."  28

U.S.C. § 2244(d)(1)(D).  That "[t]ime begins when the prisoner knows (or through

diligence could discover) the important facts, not when the prisoner recognizes their

legal significance." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1155 (11th Cir.

2014), *cert. denied*, — U.S. —, 135 S. Ct. 1905, 191 L. Ed. 2d 773 (2015).  And

because "due diligence is equivalent to a rule of inquiry notice," the prisoner is

obligated to make reasonable efforts to discover the facts relevant to his claim for

habeas corpus relief.  *Id.* at 1156–57.

Petitioner contends he did not discover the crime of which he was convicted until July 12, 2012, when he obtained a copy of his Florida Department of Corrections ("FDOC") "face sheet," which described his offense of conviction as "1st Deg. Mur, Com. of Felony" (ECF No. 1 at 4–5, Ex. A). Petitioner asserts that upon discovering this "new evidence," he determined that he was convicted of a non-existent crime, because the additional felonies with which he was charged (robbery, armed burglary, and grand theft) were dismissed by the State when he entered his plea to the first degree murder charge (*see* ECF No. 1 at 4–5; ECF No. 14 at 3).

The state court record demonstrates that Petitioner was convicted of first degree murder without specification as to the underlying theory (*see* Ex. G at 15–18). Petitioner could have discovered the nature of his conviction prior to April 24, 1996, the effective date of the AEDPA. Petitioner's assertion that he could not have discovered the vital facts underlying his claim sooner, because he had no access to a computer or to internet due to his incarceration, is unconvincing (*see* ECF No. 14 at 3). Access to a computer was not required in order for Petitioner to discover the crime of which he was convicted. He could have, for example, discovered it by simply requesting a copy of the criminal judgment from the state clerk of court. Further, even if Petitioner may not have had access to his FDOC "face sheet" prior to 2012, the

criminal judgment itself, not the "face sheet," proves the nature of his conviction. The nature of Petitioner's conviction was discoverable, with due diligence, prior to April 24, 1996. Therefore, Petitioner has failed to show that § 2244(d)(1)(D) applies. This leaves the finality trigger of § 2244(d)(1)(A) as the applicable trigger for the federal limitations period in this case.

As previously discussed, Petitioner's conviction became final before the effective date of the AEDPA, April 24, 1996; therefore, he had a one-year grace period, or until April 24, 1997, to file his federal petition. *See* Moore, 344 F.3d at 1319. Petitioner did not file his federal habeas petition by that date. Further, Petitioner did not have any application for state post-conviction relief pending during the grace period.[3] Therefore, he is not entitled to statutory tolling under § 2244(d)(2).

Petitioner contends he is entitled to review of his federal petition through the "actual innocence" exception to the time bar, recognized by the Supreme Court in McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (ECF No. 14 at 2–4). He contends he is "factually innocent" of felony murder, because he was not convicted of any underlying felony (*id.*).

---

[3] Petitioner's first Rule 3.850 proceeding reached final disposition on November 22, 1995 (Ex. E). *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). His next application for state collateral relief was not filed until April 25, 2003 (Ex. G at 41–44).

In <u>McQuiggin</u>, the Supreme Court held that there is an "equitable exception" to the statute of limitations set forth in § 2244(d), but only when the petitioner presents new evidence that shows it is more likely than not that no reasonable juror would have convicted him.  133 S. Ct. at 1928, 1931, 1933.  The Court cautioned that "tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id.* (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and citing <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

The Supreme Court stated in <u>Schlup</u>:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

513 U.S. at 327.

The Supreme Court has explained that "'actual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).  Further, a voluntary and intelligent

plea of guilty made by an accused, who has been advised by competent counsel, is not vulnerable to collateral attack. *Id.* 523 U.S. at 621.

Here, Petitioner's "actual innocence" claim is based upon the erroneous factual premise that he was convicted of felony murder. As discussed *supra*, Petitioner was not convicted of felony murder; he was convicted of first degree murder without specification as to the theory. The written plea, the plea colloquy, and the written judgment all verify this (*see* Ex. A at 191–204, Ex. G at 15–18). Petitioner has thus failed to demonstrate he is entitled to review of his federal habeas claim through the "actual innocence" exception to the time bar.

Petitioner's § 2254 petition was not timely. Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition dismissed with prejudice as untimely.

## III.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still

be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.   Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   Rule 11(a), Rules Governing Section 2254 Cases.   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (ECF No. 12) be **GRANTED**.

2.      That the habeas petition (ECF No. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of June 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.